UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| ROBERT WAYNE GUIDRY, JR. | CIVIL ACTION NO |
| VERSUS | JUDGE |
| QUALITY PRODUCTION MANAGEMENT, LLC, QUALITY CONSTRUCTION & PRODUCTION, LLC, and QUALITY PRODUCTION SERVICES, LLC | MAG. JUDGE |
| | JURY TRIAL REQUESTED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**COMPLAINT FOR DAMAGES UNDER**
**THE OUTER CONTINENTAL SHELF LANDS ACT**

COMES NOW, Robert Wayne Guidry, Jr. ("Guidry") complaining of Quality Production Management, LLC, Quality Construction & Production, LLC, and Quality Production Services, LLC ("Quality"), and for cause of action, Guidry would respectfully show and represent unto this Honorable Court, as follows:

**JURISDICTION**

1.

That, the jurisdiction of this Honorable Court is invoked under Title 28 U.S.C. §§1331 and 1332, and the amount in controversy exceeds the sum or value or SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and this cause of action arises under the terms and provisions and is subject to the Outer Continental Shelf Lands Act.

**PLAINTIFF**

2.

Guidry (age 41) was at all times relevant herein, a citizen of the United States and resident of the State of Louisiana, domiciled in Lake Arthur, Jefferson Davis Parish, Louisiana.

**DEFENDANTS**

3.

Quality Production Management, LLC is thought to be a Louisiana limited liability company, organized and existing by virtue of the laws of this State, having its principal place of business in New Iberia, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, Nathan C. Granger, 10903 North Road, Abbeville, Louisiana 70510.

4.

Quality Construction & Production, LLC is thought to be a Louisiana limited liability company, organized and existing by virtue of the laws of this State, having its principal place of business in Lafayette, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, Troy D. Collins, 129 Highway 89, Lafayette, Louisiana 70508.

5.

Quality Production Services, LLC is thought to be a Louisiana limited liability company, organized and existing by virtue of the

laws of this State, having its principal place of business in Grand Chenier, Louisiana, and it may be cited to appear and answer herein by serving its registered agent for service of process; namely, Dennis Lynn Mhire, 115 Montie Road, Grand Chenier, Louisiana 70643.

**FACTS**

7.

That, at all times relevant herein, Guidry was employed as a production operator - "A", by Dynamic Production Services, Inc. ("Dynamic"), of Lafayette, Louisiana, earning in excess of $47,000.00/yr., plus offshore meals and fringe benefits.

8.

That, at all times relevant herein, Guidry was assigned to work on a fixed production platform owned by W&T Offshore, Inc. ("W&T") located in the Gulf of Mexico, off the Louisiana Coast, in an area which would fall within the Outer Continental Shelf commonly referred to as Ship Shoal, Block 33.

9.

That, at all times relevant herein, W&T had contracted with Dynamic to provide personnel to conduct the day-to-day operations on its fixed production platform at Ship Shoal, Block 33.

10.

That, on July 28, 2009, Guidry, while in the course of his employment, was caused to suffer severe and permanent injuries to, among other things, his left arm, when a large gang box, owned by Quality, was being lifted, by one of the W&T platform cranes, from

the back of a work boat, that had pulled alongside of the platform, onto the platform's main deck.  As the gang box cleared the platform's main deck, Guidry was required to use a tag line, attached to the gang box, to guide the gang box into position on the main deck, when, suddenly and without warning, the tag line broke and Guidry fell backwards and landed on his left arm.

11.

That, the injuries and damage suffered by Guidry were caused by reason of the legal fault, negligence, carelessness and omission of duty on the part of Quality, without any legal fault, negligence, carelessness or omission of duty on the part of Guidry causing, or in any way contributing thereto.

12.

That, the legal fault, negligence, carelessness and omission of duty on the part of Quality consisted of the following non-exclusive acts and omissions, as follows:

- in failing to warn Guidry concerning conditions in the workplace which caused it to be unfit, unsafe and unsuitable;

- in failing to inspect and/or failing to adequately inspect the said tag line in order to satisfy itself that it was free of all recognized hazards and defects;

- in failing to maintain the said tag line of all recognized hazards and defects;

- in failing to repair said tag line when it knew, or in the exercise in due and reasonable care, should have known that it was defective and otherwise unreasonably dangerous;

- in failing to take precautions to prevent, or for that matter, in failing to take any precautions concerning the unfit, unsafe and unsuitable workplace conditions designed specifically to prevent an accident, injuries and damage as suffered by Guidry;

- in failing to provide Guidry with an adequate, sufficient, and safe tag line free from all recognized hazards and defects;

- in failing to provide Guidry with a safe place in which to work, and

- in failing to comply with API, ANSI and other safety standards concerning tag lines.

13.

That, in addition and/or in the alternative, to each and every allegation of legal fault, negligence, carelessness and omission of duty on the part of Quality made hereinabove, Guidry pleads and is entitled to rely upon the doctrine of *res ipsa loquitur*, since the incident made the basis of this litigation is of the kind which does not normally occur in the absence of the legal fault of one such as Quality and was caused by an agency and/or instrumentality within the exclusive custody and control of Quality and it was not due to any voluntary act or actions on the part of Guidry.

14.

That, by reason of the legal fault, negligence, carelessness and omission of duty on the part of Quality, Guidry sustained great bodily injuries; he became and still remains sick and disabled; that, he suffered a fracture of the left radial head and disruption of the adjacent nerves, tendons and left upper

extremity involving, the left arm; thereafter, Guidry was taken to surgery on December 28, 2009 and required surgical repair of the left elbow; that he has been caused to suffer a severe, painful and lasting injury with resultant constant pain and distress; that he has been incapacitated from his work and so prevented from pursing his ordinary occupation and still and will continue to be incapacitated for some time to come; that his ability to perform work has been, and will be, as a result of said injuries greatly lessened, diminished and affected; that his ability to engage in recreational activities has also been affected as a result of said injuries; that Guidry is informed and believes that the injuries which he suffered as a result of the legal fault, negligence, carelessness and omission of duty on the part of Quality are permanent and create a condition which seriously and permanently affects his general health and will cause disability and seriously interfere with his enjoyment of life; that he has required and will require in the future medical treatment as a result of said injuries and may require further operative treatment; that Guidry is informed and believes that he has been otherwise permanently injured and that he has become and remains permanently disabled.

15.

That, as a consequence of the foregoing, Guidry has suffered, is suffering and will continue to suffer damages including, without limitation, past and future physical and mental pain and suffering, past disability and permanent future disability, loss

of wages, loss of earning capacity, loss of fringe benefits, loss of enjoyment of life and past and future medical expenses in the amount of FOUR MILLION ($4,000,000.00) DOLLARS, as nearly as can be estimated.

16.

Guidry requests and is entitled to trial by jury.

WHEREFORE, Guidry prays that Quality be served with a copy of this, his, Complaint for Damages under the Outer Continental Shelf Lands Act and that they be duly cited to appear and answer herein; that after the lapse of all legal delays and due proceedings had, that there be judgment herein, in favor of Guidry and against Quality, in the full and true sum of FOUR MILLION AND NO/100 ($4,000,000.00) DOLLARS, as nearly as the same can now be estimated, together with legal interest and for all costs of these proceedings and for trial by jury.

> LAWRENCE N. CURTIS, LTD.
> (A Professional Law Corporation)
> 300 Rue Beauregard, Bldg. C
> Post Office Box 80247
> Lafayette, Louisiana 70598-0247
> Telephone: (337) 235-1825
> Facsimile: (337) 237-0241
> E-mail: larry@larrycurtis.com
>
> BY: s/Lawrence N. Curtis
>     LAWRENCE N. CURTIS (4678)

<u>and</u>

Michael G. Daiy, Esq. (14178)
MICHAEL G. DAIY
(A Professional Law Corporation)
120 Representative Row
Lafayette, Louisiana 70508
Telephone: (337) 234-0896
Facsimile: (337) 234-0444
E-Mail: mike@mikedaiy.com